Filed 9/7/16  P. v. Bellows CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEJOHN ERNEST BELLOWS,<br><br>    Defendant and Appellant. | C079381<br><br>(Super. Ct. No. 12F08241) |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We have reviewed the record and, finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

# I. BACKGROUND

An amended information filed March 16, 2015, charged defendant DeJohn Ernest Bellows with three counts of attempted murder (counts 1-3—Pen. Code, §§ 664/187)[1] and two counts of assault with a firearm (counts 4 & 5—§ 245, subd. (a)(2)). As to counts 1 through 3, the information alleged that the crimes were premeditated (§ 664, subd. (a)) and serious felonies (§ 1192.7, subd. (c)), and that defendant intentionally and personally discharged a firearm (§ 12022.53, subd. (c)). As to counts 4 and 5, the information alleged that the crimes were serious and violent felonies (§§ 667.5, subd. (c)(8), 1192.7, subd. (c)(8)), and that defendant personally used a firearm in the commission of the offense (§ 12022.5, subd. (a)(1)). As to all counts, the information alleged a prior strike. (§ 667, subds. (b)-(i).)

A jury convicted defendant of assault with a firearm (count 4) and found the firearm use enhancement true as to that count; the jury deadlocked on the remaining counts. Defendant waived jury trial on the prior strike, which the trial court found true in a bifurcated proceeding.

The evidence at trial showed the following:

In December 2012, Chad Ingram (the alleged victim in count 1) lived with his mother, Denise Gram (the alleged victim in counts 2 & 4), and his sister, Angelica Ward (the alleged victim in counts 3 & 5). Chad Ingram has several felony convictions and, according to his mother, suffers from schizophrenia and paranoia. He had the habit of hanging out in the front yard, next to the driveway where the family parked their cars.

On December 26, 2012, three young men who lived in the neighborhood— defendant, Jeff Houston, and Izaiah Flood—stopped by the front yard as Ingram was sitting there. Ingram was friendly with Houston. The men knew Ingram as "Crazy Chad," but did not have a problem with him.

---

[1] Undesignated statutory references are to the Penal Code.

As Ingram and Houston talked, Flood dropped a cigar wrapper on the ground. Considering this act disrespectful, Ingram scolded him, then walked inside where Gram was. She was concerned because Ingram seemed upset. He told her to look in the front yard, then walked back outside. Gram went onto the front porch. Meanwhile, Ward ran outside, chasing the family dog.

Ingram began chanting a song and slowly dancing a circle around defendant. Defendant asked Ingram if he had "a problem" with him. Houston told defendant to go home; defendant rejected the suggestion.

As Ingram turned back and began walking into the yard, defendant suddenly pulled a gun out of his coat pocket and fired four to six wild shots in the direction of Ingram, the house, and generally up in the air. One bullet swished past Gram and through the screen door. Defendant and the others left the scene. Afterward, the police found bullet holes in Ward's car bumper, the screen door, an exterior wall, and the front window. The bullet that traveled through the front window also left a hole in the living room wall.

According to defendant's testimony, shortly before this incident he had been called a snitch because he implicated his coperpetrators in a juvenile adjudication for robbery. He had since been robbed and his house had been fired on. He began carrying a gun for self-protection. Two people had told him that Ingram, whom he knew only by reputation, bragged about owning an assault rifle.

When the argument over the dropped cigar wrapper erupted, Ingram took off his jacket and began bumping into the others as he circled them. Defendant testified that he heard Ingram say: "Watch this. Some niggers play with guns." As Ingram began to walk away, defendant pulled out his gun and fired it aimlessly, trying to buy time to escape, then dropped the gun and ran home. He saw Gram on the porch, but not Ward in the yard. He did not intend to harm anyone.

3

On May 29, 2015, the trial court sentenced defendant to a total state prison term of 18 years (the upper term of four years on count 4, doubled for the strike, plus 10 years for the firearm use enhancement). The court dismissed the hung counts on the People's motion. The court awarded defendant 1,015 days of presentence custody credit (883 actual days & 132 conduct days).

The trial court imposed the following fines and fees: a $1,000 restitution fine (§ 1202.4, subd. (b)), a $1,000 suspended parole revocation restitution fine (§ 1202.45), a $17.50 victim restitution fine to Gram (§ 1202.4, subd. (f)), a $40 court operations fee (§ 1465.8), and a $30 criminal conviction fee (Gov. Code, § 70373).

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## II. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

BUTZ, Acting P. J.

/S/

HOCH, J.